UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO. 6:22-cr-123-GAP-DCI

MICHAEL COURTNEY SHIRLEY

**PROPOSED JURY INSTRUCTIONS**

The United States of America, by Roger B. Handberg, United States Attorney

for the Middle District of Florida, and Warren William Lindsey, Esq. and Ashley D.

Parker, Esq., counsel for the defendant, request that the following jury instructions

be given during the Court's charge at the end of the trial of the above-named

indictment. The following instructions are jointly proposed, unless otherwise noted.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By:  */s/ Chauncey A. Bratt*
Chauncey A. Bratt
Assistant United States Attorney
USA No. 174
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone:   (407) 648-7500
Facsimile:   (407) 648-7643
E-mail: chauncey.bratt@usdoj.gov

By:  */s/ Amanda S. Daniels*
Amanda S. Daniels
Assistant United States Attorney
Florida Bar No. 111444
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone:   (407) 648-7500
Facsimile:   (407) 648-7643
E-mail: amanda.daniels@usdoj.gov

_/s/ Ashley D. Parker_
Ashley D. Parker
Lindsey, Ferry & Parker, P.A.
341 N. Maitland Avenue, Suite 130
Maitland, FL 32751
*Mail*: P.O. Box 505
Winter Park, FL  32790-0505
Telephone: 407-644-4044
Fax: (407) 599-2207
ashley@lindseyferryparker.com
Florida Bar No. 112680

/s/ Warren W. Lindsey
Warren W. Lindsey
Lindsey, Ferry & Parker, P.A
341 N. Maitland Avenue, Suite 130
Maitland, FL 32751
*Mail*: P.O. Box 505
Winter Park, FL  32790-0505
Telephone: 407-644-4044
Fax: (407) 599-2207
warren@warrenlindseylaw.com
Florida Bar No. 299111

2

**U.S. v. MICHAEL C. SHIRLEY**          **Case No. 6:22-CR-123-GAP-DCI**

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Warren William Lindsey

Ashley D. Parker

/s/ *Amanda S. Daniels*
Amanda S. Daniels
Assistant United States Attorney
Florida Bar No. 111444
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone:   (407) 648-7500
Facsimile:    (407) 648-7643
E-mail: amanda.daniels@usdoj.gov

**P1**
**Preliminary Instructions – Criminal Cases**

Members of the Jury:

Now that you have been sworn, I need to explain some basic principles about a criminal trial and your duty as jurors. These are preliminary instructions. At the end of the trial I will give you more detailed instructions.

Duty of jury:

It will be your duty to decide what happened so you can determine whether the defendant is guilty or not guilty of the crime charged in the indictment. At the end of the trial, I will explain the law that you must follow to reach your verdict. You must follow the law as I explain it to you even if you do not agree with the law.

What is evidence:

You must decide the case solely on the evidence presented here in the courtroom. Evidence can come in many forms. It can be testimony about what someone saw or heard or smelled. It can be an exhibit admitted into evidence. It can be someone's opinion. Some evidence proves a fact indirectly, such as a witness who saw wet grass outside and people walking into the courthouse carrying wet umbrellas. Indirect evidence, sometimes called circumstantial evidence, is simply a chain of circumstances that proves a fact. As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind and should give every piece of evidence whatever weight you think it deserves.

<u>What is not evidence:</u>

Certain things are not evidence and must not be considered. I will list them for you now:

- Statements and arguments of the lawyers. In their opening statements and closing arguments, the lawyers will discuss the case, but their remarks are not evidence;

- Questions and objections of the lawyers. The lawyers' questions are not evidence. Only the witnesses' answers are evidence. You should not think that something is true just because a lawyer's question suggests that it is. For instance, if a lawyer asks a witness, "you saw the defendant hit his sister, didn't you?" – that question is no evidence whatsoever of what the witness saw or what the defendant did, unless the witness agrees with it.

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, then the question may be answered or the exhibit received. If I sustain the objection, then the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and not try to guess what the answer would have been.

Sometimes I may order that evidence be stricken and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider that evidence.

Some evidence is admitted only for a limited purpose. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and no other.

Credibility of witnesses:

In reaching your verdict, you may have to decide what testimony to believe and what testimony not to believe. You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account:

- The opportunity and ability of the witness to see or hear or know the things testified to;

- The witness's memory;

- The witness's manner while testifying;

- The witness's interest in the outcome of the case and any bias or prejudice;

- Whether other evidence contradicted the witness's testimony;

- The reasonableness of the witness's testimony in light of all the evidence; and

- Any other factors that bear on believability.

I will give you additional guidelines for determining credibility of witnesses at the end of the case.

Rules for criminal cases:

As you know, this is a criminal case. There are three basic rules about a criminal case that you must keep in mind.

First, the defendant is presumed innocent until proven guilty. The indictment against the defendant brought by the government is only an accusation, nothing more. It is not proof of guilt or anything else. The defendant therefore starts out with a clean slate.

Second, the burden of proof is on the government until the very end of the case. The defendant has no burden to prove his innocence or to present any evidence, or to testify. Since the defendant has the right to remain silent and may choose whether to testify, you cannot legally put any weight on a defendant's choice not to testify. It is not evidence.

Third, the government must prove the defendant's guilt beyond a reasonable doubt. I will give you further instructions on this point later, but bear in mind that the level of proof required is high.

Conduct of the jury:

Our law requires jurors to follow certain instructions regarding their personal conduct in order to help assure a just and fair trial. I will now give you those instructions:

1. Do not talk, either among yourselves or with anyone else, about anything related to the case. You may tell the people with whom you live and your employer that you are a juror and give them information about when you will be required to be in court, but you may not discuss with them or anyone else anything related to the case.

2. Do not, at any time during the trial, request, accept, agree to accept, or discuss with any person, any type of payment or benefit in return for supplying any information about the trial.

3. You must promptly tell me about any incident you know of involving an attempt by any person to improperly influence you or any member of the jury.

4. Do not visit or view the premises or place where the charged crime was allegedly committed, or any other premises or place involved in the case. And you must not use Internet maps or Google Earth or any other program or device to search for a view of any location discussed in the testimony.

5. Do not read, watch, or listen to any accounts or discussions related to the case which may be reported by newspapers, television, radio, the Internet, or any other news media.

6. Do not attempt to research any fact, issue, or law related to this case, whether by discussions with others, by library or Internet research, or by any other means or source.

In this age of instant electronic communication and research, I want to emphasize that in addition to not talking face to face with anyone about the case, you must not communicate with anyone about the case by any other means, including by telephone, text messages, email, Internet chat, chat rooms, blogs, or social-networking websites and apps such as Facebook, Instagram, Snapchat, YouTube, or Twitter.  You may not use any similar technology of social media, even if I have not specifically mentioned it here.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also must not use Google or otherwise search for any information about the case, or the law that applies to the case, or the people involved in the case, including the defendant, the witnesses, the lawyers, or the judge. It is important that you understand why these rules exist and why they are so important:

Our law does not permit jurors to talk with anyone else about the case, or to permit anyone to talk to them about the case, because only jurors are authorized to

render a verdict. Only you have been found to be fair and only you have promised to be fair – no one else is so qualified.

Our law also does not permit jurors to talk among themselves about the case until the court tells them to begin deliberations, because premature discussions can lead to a premature final decision.

Our law also does not permit you to visit a place discussed in the testimony. First, you can't be sure that the place is in the same condition as it was on the day in question. Second, even if it were in the same condition, once you go to a place discussed in the testimony to evaluate the evidence in light of what you see, you become a witness, not a juror. As a witness, you may now have a mistaken view of the scene that neither party may have a chance to correct. That is not fair.

Finally, our law requires that you not read or listen to any news accounts of the case, and that you not attempt to research any fact, issue, or law related to the case. Your decision must be based solely on the testimony and other evidence presented in this courtroom. Also, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me, and not from any other source. It wouldn't be fair to the parties for you to base your decision on some reporter's view or opinion, or upon other information you acquire outside the courtroom.

These rules are designed to help guarantee a fair trial, and our law accordingly sets forth serious consequences if the rules are not followed. I trust that you

understand and appreciate the importance of following these rules, and in accord with your oath and promise, I know you will do so.

<u>Taking notes:</u>

Moving on now, if you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you so that you do not hear other answers by witnesses. When you leave the courtroom, your notes should be left in the jury room. Whether or not you take notes, you should rely on your own memory of what was said. Notes are to assist your memory only. They are not entitled to any greater weight than your memory or impression about the testimony.

<u>Course of the trial:</u>

The trial will now begin. First, the government will make an opening statement, which is simply an outline to help you understand the evidence as it comes in. Next, the defendant's attorney may, but does not have to, make an opening statement. Opening statements are neither evidence nor argument.

The government will then present its witnesses, and counsel for the defendant may cross-examine them. Following the government's case, the defendant may, if he wishes, present witnesses whom the government may cross-examine. After all the evidence is in, the attorneys will present their closing arguments to summarize and interpret the evidence for you, and I will instruct you on the law. After that, you will go to the jury room to decide your verdict.

**B1**

**Face Page - Introduction**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO. 6:22-cr-123-GAP-DCI

MICHAEL COURTNEY SHIRLEY

<u>COURT'S INSTRUCTIONS
TO THE JURY</u>

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions, you will go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

**B2.1**

**The Duty to Follow Instructions And the Presumption of Innocence**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a defendant isn't evidence of guilt. The law presumes every defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

**B2.2**

**The Duty to Follow Instructions and the Presumption Of Innocence
When a Defendant Does Not Testify**

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a Defendant isn't evidence of guilt. The law presumes every Defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. A Defendant does not have to testify, and if the Defendant chose not to testify, you cannot consider that in any way while making your decision. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

**B3**
**Definition of "Reasonable Doubt"**

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all <u>possible</u> doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

**B4**
**Consideration of Direct and Circumstantial Evidence;**
**Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**B5**
**Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

**B6.2**
**Impeachment of Witnesses Because of**
**Inconsistent Statements or Felony Conviction**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

14

**6.5**

**Impeachment of Witnesses Because of Inconsistent Statements or Felony Conviction (Defendant with No Felony Conviction Testifies)**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact.  And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it.  People naturally tend to forget some things or remember them inaccurately.  So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

A defendant has a right not to testify.  But since the Defendant did testify, you should decide whether you believe the Defendant's testimony in the same way as that of any other witness.

**Defendant's Proposed Instruction:**

**B6.7**

**Impeachment of Witness Because of Bad Reputation for (or Opinion about) Truthfulness**

There may also be evidence tending to show that a witness has a bad reputation for truthfulness in the community where the witness resides, or has recently resided; or that other have a bad opinion about the witness's truthfulness.

You may consider reputation and community opinion in deciding whether to believe or disbelieve a witness.

**ANNOTATIONS AND COMMENTS**:

Rule 608. [Fed. R. Evid.] Evidence of Character and Conduct of Witness
(a) Opinion and reputation evidence of character. - - The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise.

*See United States v. Watson*, 669 F.2d 1374, 1381-1383 (11th Cir. 1982) distinguishing between reputation witnesses and personal opinion witnesses, and finding error in the exclusion of opinion testimony.

*See also*, Special Instruction 11, Character Evidence (relating to evidence of the character of the accused offered under Rule 404(a)(1), Fed. R. Evid.), and the Annotations and Comments following that instruction.

**United States Comment**: The United States requests to reserve the right to object to this instruction should reputation or opinion evidence about a witness's truthfulness not be introduced at trial.

**Middle District of Florida**
**Basic**
**Witnesses**

The law does not require the prosecution to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matter in issue at this trial. Nor does the law require the prosecution to produce as exhibits all papers and things mentioned in the evidence.

## S1.2
## Testimony of Accomplice or Codefendant with Plea Agreement

You must consider some witnesses' testimony with more caution than others.

In this case, the Government has made a plea agreement with Codefendants in exchange for their testimony. Such "plea bargaining," as it's called, provides for the possibility of a lesser sentence than the Codefendant would normally face. Plea bargaining is lawful and proper, and the rules of this court expressly provide for it.

But a witness who hopes to gain more favorable treatment may have a reason to make a false statement in order to strike a good bargain with the Government.

So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

And the fact that a witness has pleaded guilty to an offense isn't evidence of the guilt of any other person.

**Defendant's Proposed Instruction:**

**S1.1**
**Testimony of Accomplice, Informer, or Witness with Immunity**

You must consider some witnesses' testimony with more caution than others.

For example, paid informants, witnesses who have been promised immunity from prosecution, or witnesses who hope to gain more favorable treatment in their own cases, may have a reason to make a false statement in order to strike a good bargain with the Government.

So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

**ANNOTATIONS AND COMMENTS**:

*See United States v. Shearer*, 794 F.2d 1545, 1551 (11th Cir. 1986). *See also United States v. Solomon*, 856 F.2d 1572 (11th Cir. 1988), cert. denied, 489 U.S. 1070, 109 S. Ct. 1352, 103 L. Ed. 2d 820 (1989) (holding that, as a general rule, a cautionary instruction regarding the credibility of accomplices should be given).

**United States Objection:** The United States objects to the inclusion of this jury Instruction. No witness has been granted Immunity in this case. As such the instruction is irrelevant to the facts of this case. Further, the instructions are prejudicial because they suggest that witnesses have received a benefit that they have not.  Instead, the Court should issue the instruction entitled "Testimony of Accomplice or Codefendant with Plea Agreement" referenced above.

**Defendant's Proposed Instruction:**

### S1.3
### Testimony of Accomplice, Witness Using Addictive Drugs, or Witness with Immunity

You must consider some witnesses' testimony with more caution than others.

For example, a witness may testify about events that occurred during a time when the witness was using addictive drugs and so the witness may have an impaired memory of those events. And a witness who has been promised immunity from prosecution or witnesses who hope to gain more favorable treatment in their own case may have a reason to make a false statement in order to strike a good bargain with the Government.

So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

**ANNOTATIONS AND COMMENTS**:

*See United States v. Fajardo*, 787 F.2d 1523, 1527 (11th Cir. 1986). *See also United States v. Solomon*, 856 F.2d 1572 (11th Cir. 1988), cert. denied, 489 U.S. 1070, 109 S. Ct. 1352, 103 L. Ed. 2d 820 (1989) (holding that, as a general rule, a cautionary instruction regarding the credibility of accomplices should be given).

**United States Objection:** The United States objects to the inclusion of this jury Instruction. No witness has been granted Immunity in this case. As such the instruction is irrelevant to the facts of this case. Further, the instructions are prejudicial because they suggest that a witness has a received a benefit that they have not.

**Defendant's Proposed Instruction:**

## S12

## Character Evidence

Evidence of a defendant's character traits may create a reasonable doubt. You should consider testimony that a defendant is an honest and law-abiding citizen along with all the other evidence to decide whether the Government has proved beyond a reasonable doubt that the Defendant committed the offense.

**United States Comment**: The United States requests to reserve the right to object to this instruction should evidence about the defendant's honesty and law abiding nature not be admitted at trial.

**S4.1**
**Similar Acts Evidence**
**(Rule 404(b), Fed. R. Evid.)**

During the trial, you heard evidence of acts allegedly done by the Defendant on other occasions that may be similar to acts with which the Defendant is currently charged.  You must not consider any of this evidence to decide whether the Defendant engaged in the activity alleged in the indictment.  This evidence is admitted and may be considered by you for the limited purpose of assisting you in determining whether (1) the Defendant had the state of mind or intent necessary to commit the crime charged in the indictment; (2) the Defendant had a motive or the opportunity to commit the acts charged in the indictment; (3) the Defendant acted according to a plan or in preparation to commit a crime; or (4) the Defendant committed the acts charged in the indictment by accident or mistake.

**B7**
**Expert Witness**

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

**Middle District of Florida**

**Trial**
**Charts and Summaries**

Certain exhibits in the form of charts, summaries, calculations and the like have been received in evidence. Such exhibits are received in evidence where voluminous writings, documents and records are involved. These exhibits are available for your assistance and convenience in considering the evidence.

**Middle District of Florida**
**Basic**
**Conjunctive Charge**

In these charges, the Court has reviewed the pertinent parts of federal statutes (or laws) which are alleged to have been violated.  Where a statute specifies several alternative ways in which an offense may be committed, the <u>indictment</u> may allege the several ways in the conjunctive, that is, by using the word "and;" therefore, if only <u>one</u> of the alternatives is proved beyond a reasonable doubt, that is sufficient for conviction, so long as the jury agrees unanimously as to at least one of the alternatives.

**S5**
**Note-taking**

You've been permitted to take notes during the trial. Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

**B8**
**Introduction to Offense Instructions**

The indictment charges five separate crimes, called "counts," against the Defendant. Each count has a number. You'll be given a copy of the indictment to refer to during your deliberations.

Count One charges the Defendant with knowingly and willfully conspiring to commit honest services fraud by wire.

Counts Two through Five charge that the Defendant committed what are called "substantive offenses," specifically honest services fraud by wire. I will explain the law governing those substantive offenses in a moment.

But first note that the Defendant is not charged in Count One with committing a substantive offense – he is charged with <u>conspiring</u> to commit that offense.

I will also give you specific instructions on conspiracy.

**O54 (Modified)[1]**
**Conspiracy to Commit Honest Services Fraud**
**18 U.S.C. § 1349**

It's a Federal crime to knowingly and willfully conspire or agree with someone to do something that, if actually carried out, would result in the crime of honest services fraud.

A "conspiracy" is an agreement by two or more persons to commit an unlawful act. In other words, it is a kind of partnership for criminal purposes. Every member of the conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all the people named in the indictment were members of the plan, <u>or</u> that those who <u>were</u> members made any kind of formal agreement. The heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.

The Defendant can be found guilty of this conspiracy offense only if all the following facts are proved beyond a reasonable doubt:

(1) two or more persons, in some way or manner, agreed to try to accomplish a common and unlawful plan to commit honest services fraud, as charged in the indictment; and

(2) the Defendant knew the unlawful purpose of the plan and willfully joined in it.

---

[1] The standard version of this instruction references mail fraud. The United States has modified this instruction to reference honest services fraud instead of mail fraud.

A person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities of all of the other alleged conspirators.

If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan – and willfully joined in the plan on at least one occasion – that's sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't establish proof of a conspiracy. Also, a person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.

**Government's Proposed Instruction:**

**O50.2 (modified)[2]**
**Wire Fraud:**
**Depriving Another of an Intangible**
**Right of Honest Services**
**18 U.S.C. §§ 1343 and 1346**

It's a Federal crime to use a wire communication in interstate or foreign commerce to carry out a scheme to fraudulently deprive someone else of a right to honest services.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1)   the Defendant knowingly devised or participated in a scheme to fraudulently deprive the public of the right to honest services of the Defendant or a public official[3] through bribery or kickbacks;

(2)   the Defendant did so with an intent to defraud the public of the right to the honest services of the Defendant or a public official; and

(3)   in advancing, or furthering, or carrying out the scheme to defraud, the defendant transmitted, or caused to be transmitted,

---

[2] There does not appear to be any Eleventh Circuit Pattern Instruction for honest services fraud by wire, but there is a pattern instruction for honest services fraud by mail, O50.2. The proposed instruction here is based largely on the pattern instruction for honest services fraud by mail. The United States has also revised the definition of "official acts" in accordance with the holding in *United States v. Langford*, 647 F.3d 1309 (11th Cir. 2011). In addition, this proposed instruction includes a definition for "public official." This public official definition is patterned on a definition used in *United States v. Spellissy*, 710 F. App'x 392 (11th Cir. 2017), but has been modified to remove extraneous parts of the definition that are not relevant to the facts in this case. *See* district court record in *United States v. Spellissy*, 8:05-cr-00475-JDW-TGW, Doc. 58 at 14; *see also Langford*, 647 F.3d 1309 (11th Cir. 2011).

[3] *See United States v. Woodard*, 459 F.3d 1078 (providing that even a private citizen who conspires with a public official may be prosecuted under a public employee honest services theory).

33

any writing, signal, or sound by means of a wire communication in interstate or foreign commerce.

A "scheme" means any plan or course of action intended to deceive or cheat someone.

To "deprive someone else of the right of honest services" is to violate a duty to provide honest services to the public by participating in a bribery or kickback scheme.

Public officials have a duty to the public to provide honest services. If an official does something or makes a decision that serves the official's personal interests by taking or soliciting a bribe or kickback, the official defrauds the public of honest services, even if the public agency does not suffer any monetary loss.

The term "public official" means an officer or employee or person acting for or on behalf any department, agency or branch of government. This includes State and local government.

A "public official" need not be an employee of the government agency. A person who acts for or on behalf of the government agency pursuant to a contract or other business relationship can be a government "public official," just as an employee can be a "public official."

This definition includes private individuals who occupy a position of public trust with official government responsibilities.

To be considered a public official, an individual need not be the final decision maker. It is sufficient that the individual is in a position of providing information and

making recommendations to decision makers as long as the individual's input is given sufficient weight to influence the outcome of decisions.[4]

Bribery and kickbacks involve the exchange of a thing or things of value for an official act by a public official.  Bribery and kickbacks also include solicitations of things of value in exchange for an official act, even if the thing of value is not accepted or the official act is not performed.  That is, bribery and kickbacks include the public official's solicitation or agreement to accept something of value, whether tangible or intangible, in exchange for an official act, whether or not the payor actually provides the thing of value, and whether or not the public official or employee ultimately performs the requested official act or intends to do so.

To qualify as an official act, the public official must have made a decision or taken an action, or agreed to make a decision or take an action, on a question, matter, cause, suit, proceeding, or controversy. Further, the question, matter, cause, suit, proceeding, or controversy must involve the formal exercise of governmental power, which includes the awarding of contracts on behalf of the government agency.[5] It must also be something specific which requires particular attention by a public official.

---

[4] *See United States v. Spellissy*, 8:05-cr-00475-JDW-TGW, Doc. 58 at 14; *see also* 710 F. App'x 392, 393 (11th Cir. 2017).

[5] *See United States v. Langford*, 647 F.3d 1309 (11th Cir. 2011) (upholding honest services fraud conviction where the defendant chose a specific company to participate in financial transactions for a county in exchange for thousands of dollars' worth of clothing and jewelry from the firm's partner along with large cash payments in form of bogus loans); *see also United States v. McNair*, 605 F.3d 1152, 1200 (11th Cir. 2010) (affirming honest services mail

The public official's decision or action or agreement to make a decision or take an action on that question, matter, cause, suit, proceeding, or controversy may include using his official position to exert pressure on another official to perform an official act, or to advise another official, knowing or intending that such advice will form the basis for an official act by another official. But setting up a meeting, talking to another official, or organizing an event (or agreeing to do so) – without more – is not an official act.

It is not necessary that the public official *actually* make a decision or take an action. It is enough that he agrees to do so. The agreement need not be explicit, and the public official need not specify the means he will use to perform his end of the bargain. Nor must the public official in fact intend to perform the official act, so long as he agrees to do so.

To act with "intent to defraud" means to act knowingly and with the specific intent to use false or fraudulent pretenses, representations, or promises to cause loss of honest services. Proving intent to deceive alone, without the intent to cause loss of honest services, is not sufficient to prove intent to defraud.

The Government does not have to prove all the details alleged in the indictment about the precise nature and purpose of the scheme. It also doesn't have to

---

fraud conviction where the director of a county's environmental services division took steps to conceal that he had received approximately $105,000 in landscaping and lawn maintenance from a contractor that the official had the power to favor in a sewer rehabilitation program); *U.S. v. Waymer*, 55 F.3d 564, 572 (11th Cir. 1995) (affirming honest services fraud conviction where a defendant school board member failed to apprise the board that he was "receiving a direct and substantial cut from a vendor's contract with the school system in exchange for the performance of virtually no services").

prove that the material transmitted by interstate wire was itself false or fraudulent; or that using the wire was intended as the specific or exclusive means of carrying out the alleged fraud; or that the Defendant personally made the transmission over the wire. And it doesn't have to prove that the alleged scheme actually succeeded in defrauding anyone.

To "use" interstate wire communications is to act so that something would normally be sent through wire, radio, or television communications in the normal course of business.

Each separate use of the interstate wire communications as part of the scheme to defraud is a separate crime.

**Defendant's Proposed Instruction:**

**Counts 2-5: Wire Fraud:**
**Depriving Another of an Intangible**
**Right of Honest Services**
**18 U.S.C. §§ 1343 and 1346**

It's a Federal crime to use a wire communication in interstate or foreign commerce to carry out a scheme to fraudulently deprive someone else of a right to honest services.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1)    the Defendant knowingly devised or participated in a scheme to fraudulently deprive the public of the right to honest services of the Defendant or a public official through bribery or kickbacks;

(2)    the Defendant did so with an intent to defraud the public of the right to the honest services of the Defendant or a public official; and

(3)    in advancing, or furthering, or carrying out the scheme to defraud, the defendant transmitted, or caused to be transmitted, any writing, signal, or sound by means of a wire communication in interstate or foreign commerce.

A "scheme" means any plan or course of action intended to deceive or cheat someone.

To "deprive someone else of the right of honest services" is to violate a duty to provide honest services to the public by participating in a bribery or kickback scheme.

38

Public officials have a duty to the public to provide honest services.  If an official does something or makes a decision that serves the official's personal interests by taking or soliciting a bribe or kickback, the official defrauds the public of honest services, even if the public agency does not suffer any monetary loss.

The term "public official" means an officer or employee or person acting for or on behalf any department, agency or branch of government. This includes State and local government.

Bribery and kickbacks involve the exchange of a thing or things of value for an official act by a public official.  Bribery and kickbacks also include solicitations of things of value in exchange for an official act, even if the thing of value is not accepted or the official act is not performed.  That is, bribery and kickbacks include the public official's solicitation or agreement to accept something of value, whether tangible or intangible, in exchange for an official act, whether or not the payor actually provides the thing of value, and whether or not the public official or employee ultimately performs the requested official act or intends to do so.

To qualify as an official act, the public official must have made a decision or taken an action, or agreed to make a decision or take an action, on a question, matter, cause, suit, proceeding, or controversy. Further, the question, matter, cause, suit, proceeding, or controversy must involve the formal exercise of governmental

power. It must also be something specific which requires particular attention by a public official.

The public official's decision or action or agreement to make a decision or take an action on that question, matter, cause, suit, proceeding, or controversy may include using his official position to exert pressure on another official to perform an official act, or to advise another official, knowing or intending that such advice will form the basis for an official act by another official.  But setting up a meeting, talking to another official, or organizing an event (or agreeing to do so) – without more – is not an official act.

It is not necessary that the public official *actually* make a decision or take an action.  It is enough that he agrees to do so.  The agreement need not be explicit, and the public official need not specify the means he will use to perform his end of the bargain.  Nor must the public official in fact intend to perform the official act, so long as he agrees to do so.

To act with "intent to defraud" means to act knowingly and with the specific intent to use false or fraudulent pretenses, representations, or promises to cause loss of honest services.  Proving intent to deceive alone, without the intent to cause loss of honest services, is not sufficient to prove intent to defraud.

The Government does not have to prove all the details alleged in the indictment about the precise nature and purpose of the scheme. It also doesn't have

to prove that the material transmitted by interstate wire was itself false or fraudulent; or that using the wire was intended as the specific or exclusive means of carrying out the alleged fraud; or that the Defendant personally made the transmission over the wire. And it doesn't have to prove that the alleged scheme actually succeeded in defrauding anyone.

To "use" interstate wire communications is to act so that something would normally be sent through wire, radio, or television communications in the normal course of business.

Each separate use of the interstate wire communications as part of the scheme to defraud is a separate crime.

**Defendant's Proposed Instruction:**

## S17

## Good-Faith Defense

"Good faith" is a complete defense to a charge that requires intent to defraud. A defendant isn't required to prove good faith. The Government must prove intent to defraud beyond a reasonable doubt.

An honestly held opinion or an honestly formed belief cannot be fraudulent intent – even if the opinion or belief is mistaken. Similarly, evidence of a mistake in judgment, an error in management, or carelessness can't establish fraudulent intent.

But an honest belief that a business venture would ultimately succeed doesn't constitute good faith if the Defendant intended to deceive others by making representations the Defendant knew to be false or fraudulent.

**United States Comment:** The United States reserves the right to object to the inclusion of this jury instruction should evidence not be admitted at trial of the defendant's honestly-formed belief.

**Defendant's Proposed Instruction:**

**Tax Collectors**

Florida Tax Collectors are state constitutional officers and as such are permitted to directly award service contracts to vendors without using a competitive bidding process.

**United States Objection:** The United States objects to the inclusion of this jury instruction. This is a fact that jury would need to find. As such the inclusion of this instruction invades the province of the Jury.

**B9.1A**
**On or About; Knowingly; Willfully – Generally**

You'll see that the indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the crime occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his conduct may be violating.

**B10.2**
**Caution: Punishment**
**(Single Defendant, Multiple Counts)**

Each count of the indictment charges a separate crime. You must consider each crime and the evidence relating to it separately. If you find the Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime.

I caution you that the Defendant is on trial <u>only</u> for the specific crimes charged in the indictment. You're here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether the Defendant is guilty. If you find the Defendant guilty, the punishment is for the Judge alone to decide later.

**B11**
**Duty to Deliberate**

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**B12**
**Verdict**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.

**T2**
**Witness's Prior Statement or Testimony**
**Explanatory Instruction**

Members of the Jury: If a witness is questioned about earlier statements or testimony the witness made, the questioning is permitted to aid you in evaluating the truth or accuracy of the witness's testimony at this trial.

A witness's earlier testimony or statements are not ordinarily offered or received as evidence of their truth or accuracy. They are pointed out to give you a comparison and to help you decide whether you believe the witness's testimony.

Whether those prior statements are consistent or inconsistent with the witness's trial testimony is entirely up to you.

I'll give you additional instructions at the end of the trial about a number of things you may consider to determine the credibility or believability of the witnesses and the weight to give their testimony.

**T1.1**
**Cautionary Instruction**
**Similar Acts Evidence**
**(Rule 404(b), Fed. R. Evid.)**

You have just heard evidence of acts allegedly done by the Defendant that may be similar to those charged in the indictment, but were committed on other occasions. You must not consider this evidence to decide if the Defendant engaged in the activity alleged in the indictment.  But you may consider this evidence to decide whether:

- the Defendant had the state of mind or intent necessary to commit the crime charged in the indictment;

- the Defendant had a motive or the opportunity to commit the acts charged in the indictment;

- the Defendant acted according to a plan or in preparation to commit a crime; or

- the Defendant committed the acts charged in the indictment by accident or mistake.