UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                                      Case No. 6:22-cr-123-GAP-DCI

MICHAEL COURTNEY SHIRLEY

### UNITED STATES' MEMORANDUM OF LAW REGARDING FORFEITURE

The United States of America submits this memorandum regarding the procedure governing the forfeiture sought in this case. In the event that defendant Michael Courtney Shirley is convicted of any or all of Counts One through Five of the Indictment, this memorandum outlines why, pursuant to Federal Rule of Criminal Procedure 32.2(b)(5), the Court—and not the jury—should determine the amount of the forfeiture money judgment.

### MEMORANDUM OF LAW

I.   **Applicable Statutes**

The defendant is charged in Count One of the Indictment with conspiracy to commit honest services fraud, in violation of 18 U.S.C. § 1349.   The defendant is charged in Counts Two through Five of the Indictment with honest services fraud, in violation of 18 U.S.C. § 1343.   Should the defendant be convicted of any or all of these counts of conspiracy to commit honest services fraud and/or honest services fraud, the United States will seek a forfeiture money judgment in the amount of the

proceeds of the offenses of which the defendant is convicted.[1]

In sentencing a person convicted of honest services fraud and/or a conspiracy to commit the same, the Court's authority to enter a forfeiture money judgment against the defendant is found in 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Federal Rule of Criminal Procedure 32.2. The United States may criminally forfeit, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violations.

When a defendant no longer has the actual dollars in criminal proceeds or property directly traceable to forfeitable proceeds in his possession, or the government cannot locate that property, the defendant's obligation to forfeit simply takes the form of a forfeiture money judgment in favor of the United States. *United States v. Padron*, 527 F.3d 1156, 1161-62 (11th Cir. 2008).

## II.   Forfeiture Proceeding

The Eleventh Circuit held that "a party is *not* entitled to a jury finding regarding a money judgment." *United States v. Curbelo*, 726 F.3d 1260, 1278 (11th Cir. 2013) *cert. denied*, 134 S. Ct. 962, 187 L. Ed. 2d 822 (2014). Instead, "*the court* must determine the amount of money that the defendant will be ordered to pay." *Id.* (quoting Rule 32.2(b(1)(A)); *see also* Rule 32.2(b)(1) ("If the government seeks a *personal money judgment, the court must determine the amount of money* that the defendant

---

[1] The United States will present evidence at trial and/or at or before sentencing establishing the amount of the proceeds for which it will seek a forfeiture money judgment.

will be ordered to pay.") (emphasis added).   The Eleventh Circuit's holding is consistent with that of other circuits. *See United States v. Phillips,* 704 F.3d 754, 769 (9th Cir. 2012) (holding there is no statutory right to have jury determine amount of money judgment); *United States v. Gregoire*, 638 F.3d 962, 972 (8th Cir. 2011) (same)*; United States v. Tedder*, 403 F.3d 836, 841 (7th Cir. 2005) (same).

Thus, because the United States does not seek forfeiture of specific property associated with the charged offenses, but only a forfeiture money judgment, the defendant is not entitled to a jury determination on the forfeiture in this case.

### III.   Conclusion

Should the defendant request a jury determination on the amount of the forfeiture money judgment, pursuant to Rule 32.2(b)(5), the United States asks that the Court deny the request, because there is no right to a jury determination of the amount of a money judgment.

                                                    Respectfully Submitted,

                                                    ROGER B. HANDBERG
                                                    United States Attorney

By:   *s/Jennifer M. Harrington*
      JENNIFER M. HARRINGTON
      Assistant United States Attorney
      Florida Bar Number 0117748
      400 W. Washington Street, Suite 3100
      Orlando, Florida 32801
      (407) 648-7500 – telephone
      (407) 648-7643 – facsimile
      E-mail: jennifer.harrington2@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 14, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Ashley Parker, Esquire
Warren William Lindsey, Esquire

                                        *s/Jennifer M. Harrington*
                                        Jennifer M. Harrington
                                        Assistant United States Attorney