UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                CASE NO. 6:22-cr-00123-GAP-DCI

MICHAEL COURTNEY SHIRLEY,

    Defendant.
_____/

## MOTION FOR NEW TRIAL

The Defendant, MICHAEL COURTNEY SHIRLEY, by and through undersigned counsel, hereby moves this Honorable Court for an Order, pursuant to Rule 33 of the Federal Rules of Criminal Procedure, granting him a new trial, and as grounds therefor would show:

1.    Mr. Shirley was charged in a five-count indictment with one count of Conspiracy to Commit Honest Services Fraud in violation of 18 U.S.C. §§1343 and 1346, and four counts of Honest Services Fraud via Wire Fraud in violation of 18 U.S.C. §§1346 and 1349. Doc. 1.

2.    July 24, 2023 through July 27, 2023, a jury trial took place where Mr. Shirley was found guilty of all five counts in the indictment. Doc. 83.

3. During the jury trial, errors occurred which require that Mr. Shirley be given a new trial, including:

3.1. During voir dire, the Honorable Court erred by striking two jurors for cause – over the objection of the defense. Both jurors said something to the effect that they did not believe in the system or the laws; however, neither juror stated that they could not be fair and impartial in Mr. Shirley's trial nor did they state that they could not follow the Court's instructions in the case. See Moran v. Clarke, 443 F.3d 646, 650 (8th Cir. 2006) (citing United States v. Wright, 340 F.3d 724, 733 (8th Cir. 2003) ("The Courts presume that a prospective juror is impartial, and a party seeking to strike a venire member for cause must show that the prospective juror is unable to lay aside his or her impressions or opinions and render a verdict based on the evidence presented in court. Essentially, to fail this standard, a juror must profess his inability to be impartial and resist any attempt to rehabilitate his position").

3.2. During voir dire, the Honorable Court erred in denying the defense request to strike a juror for cause a juror who stated something to the effect that she could not be fair and impartial in Mr. Shirley's trial due to the nature of the charges.

3.3 During voir dire, the Honorable Court erred in denying the defense request to strike for cause a juror who stated something to the effect of, based on his

2

friend who is a law enforcement officer, once it gets to the point that you have been arrested, you have been given every opportunity and you must have done it.

  3.4 Following the Court denying the defense request to strike the two above jurors for cause, the defense had to exercise two peremptory challenges to remove them. Because of that, the defense requested two additional peremptory challenges, which the Court denied. The Honorable Court erred in denying the defense request for two additional peremptory challenges.

  3.5 The Honorable Court erred in denying the defense motion to strike Mr. Ellicott as a witness. The morning of trial, the Government informed the Honorable Court and defense that Government witness, Joseph Ellicott, would be asserting his Fifth Amendment privilege against self-incrimination in response to questioning about having sex with a minor. The defense moved to strike Mr. Ellicott as a witness based on this violating of Mr. Shirley's Fifth and Sixth Amendment rights, including his constitutional right to confront and fully cross-examine Mr. Ellicott. The Court denied this request. See United States v. Feliciano-Francisco, 701 F. App'x 808, 813 (11th Cir. 2017) ("Generally, it is improper to put a witness on the stand for the purpose of having the witness invoke her Fifth Amendment privilege against self-incrimination before the jury because doing so would invite the jury to draw an improper inference.")

      3.6    The Honorable Court erred in denying the defense's renewed motion to strike Mr. Ellicott's testimony. During cross-examination, Mr. Ellicott invoked his Fifth Amendment privilege against self-incrimination approximately fifty times. He invoked this privilege in relation to questions about engaging in sex with a minor, but also about questions involving having sex with adults, paying adults for sex, creating, manufacturing, and distributing child pornography, and providing information to the Government accusing Matt Gaetz of having commercial sex with a minor. These areas of cross-examination relate directly to the motive, bias and interest of Mr. Ellicott to please the Government by testifying against Mr. Shirley. By allowing Mr. Ellicott to take the Fifth Amendment on these questions, it is the defense's position that Mr. Shirley's right to cross-examination and confrontation of the witness was violated, especially because the Government had the authority to provide Mr. Ellicott immunity or limited immunity. Following Mr. Ellicott's testimony, the defense renewed their motion and again requested the Court strike Mr. Ellicott's testimony based on his invocation of his Fifth Amendment privilege against self-incrimination to questions that far exceeded just having sex with a minor. The Honorable Court denied this motion.

      3.7    The Honorable Court erred in admitting into evidence – over the defense's objection – a document alleged to have been a fake loan agreement that

was signed by Mr. Shirley and Mr. Ellicott, but that had been altered and written on. When questioned about the document, Mr. Ellicott stated that the writing on the bottom of the document, that stated "for:," "RE: Joel Greenberg," and " Pd:?" was not on the document at the time it was signed. He stated that those things were written on the document by his mother at some unknown later date. Therefore, the Honorable Court erred in admitting into evidence a document for which the proper foundation was not laid, which was not properly authenticated, and which had been altered and written on. Further, the authentication of the document with the language "RE: Joel Greenberg" improperly buttressed the Government's case by suggesting that the Government or Joel Greenberg were somehow involved in the writing on document.

   3.8 The Honorable Court erred in denying the defense's motion for a mistrial based on testimony from Mr. Ellicott regarding the document. During trial, Mr. Ellicott testified that the handwriting on the bottom of the document stating "for:," RE: Joel Greenberg," and " Pd:?" was his mothers and had been added sometime thereafter. This information, about whose handwriting that was on the document and when it happened, had not been disclosed to the defense. During the trial, undersigned counsel objected and a bench conference took place where the Court denied the defense objection and motion for mistrial.

3.9    The Honorable Court erred in overruling defense counsel's multiple objections to Mr. Ellicott's testimony about hearsay statements made to him by Joel Greenberg. The Government did not call Joel Greenberg as a witness at trial. At the time of Mr. Ellicott's testimony, the Government had not proven that a conspiracy existed and therefore Mr. Greenberg's statements to Mr. Ellicott constituted inadmissible hearsay. Defense made timely objections to these statements that the Court overruled.

3.10    The Honorable Court erred in excluding as evidence recorded jail calls between Joel Greenberg and Joseph Ellicott. The Honorable Court did not listen to the jail calls prior to ruling on the Government's objection to their admissibility. The jail calls were relevant to Mr. Shirley's theory of defense and were admissible as impeachment as well as to prove Mr. Ellicott and Mr. Greenberg's motive, opportunity, intent, preparation, plan, and knowledge.

3.11    At the close of the trial, the defense requested a special jury instruction stating, "Because Mr. Ellicott invoked his Fifth Amendment privilege against self-incrimination, you are permitted to draw an adverse inference against him and in favor of the Defendant." Doc. 75. The Court denied this request. Without this instruction, the jury was not provided any guidance on how to use Mr. Ellicott's invocation of his Fifth Amendment right to remain silent during deliberations – to

the prejudice of Mr. Shirley. The Honorable Court erred in denying the defense request for this special jury instruction.

4.  Rule 33(a) of the Federal Rules of Criminal Procedure states in pertinent part, "Defendant's Motion. Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires..." Subsection (b)(2) states, "Other Grounds. Any motion for new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty."

5.  For each of the reasons stated above, the interest of justice requires Mr. Shirley be granted a new trial.

6.  Undersigned counsel has conferred with Assistant United States Attorney Amanda Daniels who opposes the granting of this motion.

WHEREFORE, the Defendant respectfully requests that this Honorable Court enter an Order granting this motion giving him a new trial.

Respectfully submitted this 10th day of August, 2023.

[CERTIFICATE OF SERVICE ON NEXT PAGE]

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 10th day of August, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: 1) Amanda Sterling Daniels, Assistant United States Attorney, United States Attorney's Office, 400 W. Washington Street, Suite 3100, Orlando, FL 32801, amanda.daniels@usdoj.gov, 2) Chauncey Bratt, Assistant United States Attorney, United States Attorney's Office, 400 W. Washington Street, Suite 3100, Orlando, FL 32801, chauncey.bratt@usdoj.gov, and 3) Jennifer Michele Harrington, Assistant United States Attorney, United States Attorney's Office, 400 W. Washington Street, Suite 3100, Orlando, FL 32801, jennifer.harrington2@usdoj.gov.

                                                                                s/Ashley D. Parker
ASHLEY D. PARKER, of
LINDSEY, FERRY & PARKER, P.A.
341 N. Maitland Avenue, Suite 130
Maitland, FL 32751
*Mail:* P.O. Box 505
Winter Park, FL 32790
Telephone: (407) 644-4044
Facsimile: (407) 599-2207
Attorneys for the Defendant.
ashley@lindseyferryparker.com
Florida Bar No. 112680