United States District Court
Middle District of Florida
Orlando Division

UNITED STATES OF AMERICA

v.                                                                CASE NO. 6:22-cr-123-GAP-DCI

MICHAEL COURTNEY SHIRLEY

_____

**DR. GAVIN CLARKSON'S RESPONSE TO SHOW CAUSE ORDER**

More than an hour after the jurors had been excused from the courtroom on July 27, 2023, when I unexpectedly encountered a group of jurors next to the entrance of the parking lot that jurors, attorneys, and defendants apparently all use, my failure to mentally recall the distinctions between the local rules of the Middle District of Florida and those of the Southern or Western District of Texas was mine and mine alone. However, there was no intention whatsoever to violate the rules of the Middle District of Florida, and I humbly and sincerely apologize for my lapse in memory.

I assure the court that there was no intention whatsoever to violate the rules of the Middle District of Florida, and any unintended rule violation was purely the result of absentmindedness in the aftermath of a trial that held significant emotional weight for all parties involved.

Begging the Court's indulgence, I would like to provide some context to the events leading up to the incident in question. On July 21, 2023, my

client's Florida-based attorneys filed a Motion for Special Admission as Counsel for Defendant (Doc. 69) on my behalf. In that motion, I agreed to "comply with the federal rules and this Court's local rules." I also affirmed an oath stating that:

> I will support the Constitution of the United States. I will bear true faith and allegiance to the government of the United States. I will maintain the respect due to the courts of justice and all judicial officers. I will well and faithfully discharge my duties as an attorney and officer of this Court. I will conduct myself uprightly and according to the law and the recognized standards of ethics of the legal profession.

On July 27, after the court session concluded, my client's Florida-based attorneys left the courthouse immediately. I had asked them to stay and discuss the next steps, but they declined and departed despite knowing that the local press was outside waiting for my client. Those attorneys also left it to me to make the very difficult call to my client's elderly parents to inform them of the jury verdict, which I made from the attorney lounge. After that gut-wrenching call, my client and I spent several minutes talking before we exited the courthouse, approximately 75 minutes after the jury was excused and led out of the courtroom. We were then approached by the local press, and I gave a brief statement, which was accurately reported. I then gave my briefcase to my client and walked alone towards the parking lot across the street from the courthouse to get the car. Unbeknownst to me, some jurors were still in the courthouse, and a group of them apparently exited the

courthouse after we did, including the foreperson. That group of jurors then walked towards me, albeit on the way to the same parking lot that attorneys, defendants, and jurors all use.

The local rules of the Southern District of Texas where my practice is located only require leave of the Court to speak to a juror post-verdict if the purpose of the communication is "to obtain evidence of misconduct in the jury's deliberations." (CrLR24.1., Southern District of Texas, Local Rules, p.17). I have participated in numerous trials that involved questioning the jury post-verdict, but none involved potential juror misconduct.

The Local Rules in the Western District of Texas, where my client resides, are even less restrictive, as they only prohibit jury contact during trial (Rule AT-5, Local Rules, Western District of Texas), although lawyers are still bound by Rule 3.06(d) of the Texas Disciplinary Rules of Professional Conduct, which only prohibits post-verdict juror communications "that are calculated merely to harass or embarrass the juror or to influence his actions in future jury service."

Clearly, Local Rule 5.02 of the Middle District of Florida is more restrictive than either the Southern or Western Districts of Texas, or the rules of the State Bar of Texas generally, as Rule 5.02 requires court permission to have any contact with jurors post-verdict.

I fully acknowledge that it was my responsibility to familiarize myself and comply with the Local Rules of the Middle District of Florida, however, the perceived abandonment of my client by his Florida-based attorneys and the difficult conversation with my client's elderly parents were all weighing heavily on my mind. Furthermore, my interaction with the jurors was entirely unplanned, as I fully expected that all of the jurors had already left the courthouse long before we did. In the precise moment I encountered the jurors at the shared entrance to the parking lot, I failed to recall the differences between the Local Rules in the Middle District of Florida and those of the Southern and Western Districts of Texas. I did let the foreperson know that she and the rest of the jurors had no obligation to speak with me. She indicated that she didn't feel comfortable speaking with me, and most of the jurors filed on past me. One juror, perhaps because they sensed that I was struggling to make sense of the verdict, did offer some insights. It is not accurate, however, to indicate that I "confronted" the jurors in any way. Again, I was already at the entrance to the parking lot when the foreperson and the group of jurors approached me, and the entire interaction lasted for less than a minute.

Again, I fully recognize my failure to instantly recall the distinctions between the local rules of the Middle District of Florida and those of the Southern or Western District of Texas, and that failure was mine and mine

alone. There was no intention whatsoever to violate the rules of the Middle District of Florida, and I humbly apologize for my absentmindedness.

My client was specifically not with me when I interacted with the jurors (he was at least 100 feet away standing at the corner of Division and Washington), and although my conduct was not in compliance with the local rules of the Middle District of Florida, my conduct would have complied with the local rules had this trial occurred in the Southern District of Texas, where my practice is located, or in the Western District of Texas where my client resides.

Additionally, before my client's Florida-based attorneys filed their motion to withdraw, I emailed both of them regarding my interaction with the jurors. When they each emailed me the next morning, neither of them indicated that I had violated Local Rule 5.02. Had those attorneys alerted me to my Rule 5.02 violation, I would have contacted the court immediately.

I did discover my error after further thought regarding the disturbingly quick jury verdict and the dismissal of one juror during deliberations. Since I suspected that the reason one of the jurors requested to be excused was because of potential juror misconduct and knowing that under Southern District of Texas Local Rule CrLR24.1, I anticipated that I would need permission from the court to contact the excused juror and examined the local

rules of the Middle District of Florida to see what was required when juror misconduct is suspected. Upon reviewing Rule 5.02, I recognized my error.

Again, it was my responsibility to be aware of the differences between the local rules and to follow the Local Rules of the Middle District of Florida, and I was in the process of drafting the required notice to the court of my error when I was alerted regarding the show cause order (Doc 90).

I deeply regret any inadvertent oversight that may have occurred in this case and assure the court that such a situation will not occur in the future. I sincerely apologize for any concern my actions may have caused the Court, the jurors, or any other parties involved.

The scope of my engagement post-verdict is limited to providing assistance to my client's existing Florida-based attorneys, but they have filed a motion to withdraw. Given the circumstances, I request the court's understanding and consideration in allowing me to withdraw from this case without penalty, so as not to prejudice my client. To ensure my client's continued legal representation, I propose the appointment of a Federal Public Defender to assist him with his sentencing and subsequent appeal. My client has already agreed to this arrangement, as he desires the competent legal representation that a Federal Public Defender can provide.

In closing, I express my deepest apologies for any inconvenience or concern caused by this incident. I remain committed to upholding the

integrity of the court and the legal profession and will ensure strict

adherence to all rules and regulations in any future proceedings.

                                            Respectfully submitted,
                                            */s/ Gavin Clarkson*
                                            Dr. Gavin Clarkson, Esq.
                                            State of Texas Bar No. 24067335
                                            Clarkson PLLC
                                            1773 Westborough Drive, Suite 927
                                            Katy, TX 77449
                                            DrGavin@Clarkson.LLC

[CERTIFICATE OF SERVICE ON NEXT PAGE]

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of August, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: 1) Amanda Sterling Daniels, Assistant United States Attorney, United States Attorney's Office, 400 W. Washington Street, Suite 3100, Orlando, FL 32801, amanda.daniels@usdoj.gov, 2) Chauncey Bratt, Assistant United States Attorney, United States Attorney's Office, 400 W. Washington Street, Suite 3100, Orlando, FL 32801, chauncey.bratt@usdoj.gov, and 3) Jennifer Michele Harrington, Assistant United States Attorney, United States Attorney's Office, 400 W. Washington Street, Suite 3100, Orlando, FL 32801, jennifer.harrington2@usdoj.gov.

*/s/ Gavin Clarkson*
Dr. Gavin Clarkson, Esq.
State of Texas Bar No. 24067335
Clarkson PLLC
1773 Westborough Drive, Suite 927
Katy, TX 77449
DrGavin@Clarkson.LLC