UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.  Case No. 6:22-cr-123-GAP-DCI
  (Forfeiture)

MICHAEL COURTNEY SHIRLEY

UNITED STATES' MOTION FOR ENTRY
OF ORDER OF FORFEITURE

The United States respectfully moves this Court, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(2), to enter an order of forfeiture in the amount of $536,402.33 representing the amount of proceeds the defendant obtained as a result of the conspiracy to commit honest service fraud and honest service fraud schemes charged in Counts One through Five, which, upon entry, shall become final as to the defendant. In support thereof, the United States submits the following memorandum of law.

MEMORANDUM OF LAW

I. Statement of Facts

1. On August 10, 2022, a five count Indictment was returned. Count One charged the defendant with conspiracy to commit honest services fraud, in violation of 18 U.S.C. § 1349. Counts Two through Five charged the defendant with honest

service fraud, in violation of 18 U.S.C. § 1343   Doc. 1.   The Indictment also contained forfeiture allegations, which noticed the defendant that the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), would seek to forfeit any property, real or personal, which constituted or was derived from proceeds traceable to said violations.   *Id.* at 8.   Specifically, the United States noticed that it would seek an order of forfeiture for *at least* $466,625.72, which represents the amount of proceeds that the defendant obtained as a result of his participation in the charged offenses. (emphasis added).

2.   On July 27, 2023, the defendant was convicted at trial of Counts One through Five of the Indictment.   Doc. 83.   The defendant is scheduled to be sentenced on October 31, 2023.   Doc. 84.

## II.   Applicable Law

The Court's authority to order forfeiture of property for conspiracy to commit honest service fraud offenses, in violation of 18 U.S.C. § 1349 and honest service fraud offenses, in violation of 18 U.S.C. § 1343, is found in 18 U.S.C. § 981(a)(1)(C). Section 981(a)(1)(C) provides for the civil forfeiture of any property, real or personal, which constitutes or is derived from proceeds from any offense constituting "specified unlawful activity" as defined in 18 U.S.C. § 1956(c)(7).   The term "specified unlawful activity" includes any act or activity constituting an offense listed

in § 1961(1)(B). 18 U.S.C. § 1956(c)(7)(A). Specifically, § 1343 is included in § 1961(1). Although § 981(a)(1)(C) is a civil forfeiture statute, 28 U.S.C. § 2461(c) authorizes the criminal forfeiture of any property that can be forfeited civilly using the procedures for the criminal forfeiture and disposition of property set forth in 21 U.S.C. § 853. Section 853(a) provides that any person convicted of a pertinent offense "shall forfeit to the United States," among other things, "property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation."

Rule 32.2(b) requires that as soon as practical after a verdict or finding of guilt, the Court must determine what property is subject to forfeiture under the applicable statute. The Court makes both a factual determination regarding the sufficiency of the nexus between the offense and the property sought for forfeiture, and a legal finding as to what property is subject to forfeiture.

Because the United States was not able to recover any of the proceeds the defendant obtained from his participation in the conspiracy to commit honest services fraud and honest services fraud, pursuant to Rule 32.2(b)(2), the United States seeks an order of forfeiture against the defendant for the total amount of proceeds he obtained from his participation in the conspiracy. Indeed, for cases in which a defendant no longer has the actual dollars or property traceable to proceeds

3

in his/her possession, or the government cannot locate those assets, the obligation to forfeit simply takes the form of an order of forfeiture in favor of the United States. *See United States v. Padron*, 527 F.3d 1156, 1161-62 (11th Cir. 2008).

Rule 32.2(b)(1) provides that the court must determine the amount of money that the defendant will be ordered to pay. The Court's determination may be based on evidence submitted by the parties and accepted by the Court as relevant and reliable. Fed. R. Crim. P. 32.2(b)(1)(B). At trial, the United States established that the defendant was paid as a consultant by the Seminole County Tax Collector's Office for doing little to no actual work. In addition, between January 2017 and September 2019, the defendant fraudulently inflated invoices for third party printing services for payment by the tax collector's office. The United States also established at trial that the defendant fraudulently obtained $43,990.72 as a result of inflating legitimate invoices (after payment of legitimate invoices) and $492,411.61 in additional payments from the tax collector's office all as a result of his conspiracy and honest services fraud offenses, for a total of $536,402.33. *See* Government's Exhibits 18 and 19. Accordingly, the United States seeks an Order of Forfeiture against the defendant in that amount.

### III. Conclusion

WHEREFORE, the United States respectfully requests that this Court enter an Order of Forfeiture for the $536,402.33 in proceeds the defendant obtained as a result of his conspiracy to commit honest services fraud and honest services fraud offenses related to Counts One through Five of the Indictment, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2), Federal Rules of Criminal Procedure.

The United States further requests that, because the amount of proceeds was dissipated by the defendant, the United States may seek, as a substitute asset, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), forfeiture of any of the defendant's property up to the value of the proceeds obtained.

As required by Rule 32.2(b)(4)(B), the United States further requests that the Court include the forfeiture when orally announcing the sentence, and include the

forfeiture order in the judgment. *See United States v. Kennedy*, 201 F.3d 1324, 1326 (11th Cir. 2000) and Fed. R. Crim. P. 32.2(b)(4)(A) and (B).

        Respectfully submitted,

        ROGER B. HANDBERG
        United States Attorney

By:   *s/Jennifer M. Harrington*
      JENNIFER M. HARRINGTON
      Assistant United States Attorney
      Florida Bar Number 0117748
      400 W. Washington Street, Ste. 3100
      Orlando, Florida 32801
      (407) 648-7500 – telephone
      (407) 648-7643 – facsimile
      E-mail:Jennifer.Harrington2@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 5, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Michael William Nielsen, Esquire

By: *s/Jennifer M. Harrington*
JENNIFER M. HARRINGTON
Assistant United States Attorney